## BROWN BAG-FILLING MACH. CO. v. DROHEN.

(Circuit Court of Appeals, Second Circuit. March 6, 1906.)

No. 226.

1. PATENTS—INFRINGEMENT—BAG-FILLING MACHINE.

The Cummings patent, No. 539,171, for a bag-filling machine, *held* valid and infringed as to claims 14, 53, 54, 30, 24, 53, 61, 41, 11, 12, 16, 17, 19, 23, 34, 35, and 20, but not infringed as to claims 1, 2, 6, 13, 8, 9, 18, 29, and 75, which each contain as an element a flexible bag opener not found in defendant's machine.

2. SAME.

The Brown patent No. 578,133 for an improved folding mechanism for use with the bag-filling machine of the Cummings patent No. 539,171 *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Western District of New York.

On appeal by defendant from a decree of the Circuit Court for the Western District of New York, holding valid and infringed certain claims of letters patent No. 539,171, granted May 14, 1895, to H. H. Cummings, for an improvement in bag-filling machines, and granting an injunction and an accounting. The opinion of the Circuit Court is reported in 140 Fed. 97.

J. C. Sturgeon, for appellant.
Nathan Heard, for appellee.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. We agree with the conclusion reached by the judge of the Circuit Court, except in one particular. He has held valid and infringed claims 1, 2, 6, 13, 8, 9, 18, 29, and 75. One of the elements of each of these claims is a "flexible bag opener" or an "elastic bag opener," which element is not found in the defendant's machine. In his machine the bag opener is a rigid, inflexible, knifelike blade, which descends and rises vertically. It is not at all necessary that it should perform the function attributable to the flexibility of the complainant's opener, which moves in the arc of a circle and cannot operate successfully without a certain amount of elasticity. In defendant's machine the resiliency of the bags pressing against the knifelike opener furnishes all needed flexibility. The almost infinitesimal movement of the knife, assuming it exists, is entirely negligible.

Other claims have as an element a bag opener without any qualifying adjective, and, as nothing in the patent or the prior art requires the limitation of these claims to the precise form of opener shown, we think them valid and infringed. In all other respects we are in accord with the opinion of the Circuit Court, and find it unnecessary to add to the full and accurate discussion of the issues involved.

The decree should be modified by a finding of noninfringement as to claims 1, 2, 6, 13, 8, 9, 18, 29, and 75; and, as so modified, it is affirmed, but without costs of this court.